**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID SLOAN, Plaintiff ad Litem )<br>for the Estate of CHRISTOPHER SLOAN, and )<br>)<br>DAVID SLOAN, Individually, )<br>)<br>                **Plaintiff,** )<br>)<br>v.                                       )<br>)<br>BLAKE F. OVERTON, )<br>)<br>a/k/a BLAKE FLEMING OVERTON )<br>)<br>a/k/a PIMP FLEMING OVERTON )<br>)<br>12456 Linden Lane )<br>Leawood, Kansas 66209 )<br>)<br>and )<br>)<br>JUDY OVERTON, )<br>12456 Linden Lane )<br>Leawood, Kansas 66209 )<br>)<br>                **Defendants.** ) | Case No: 08-CV-2571 JAR/DJW<br><br>**Jury Trial Demanded** |

**COMPLAINT**

Plaintiff David Sloan personally, and David Sloan as the personal representative of the Estate of Christopher Sloan, alleges and states as follows:

**Jurisdiction**

1. Plaintiff David Sloan is now, and was at all times material hereto, a resident and domiciliary of the state of Missouri.

2. Decedent Christopher Sloan was, at the time of his passing, a resident and domiciliary of the state of Missouri.

3.     Defendant Judy Overton is now, and was at all times material hereto, a resident and domiciliary of the state of Kansas. Defendant Judy Overton resides at and may be served with process at 12456 Linden Lane, Leawood, Kansas 66209.

4.     Defendant Blake F. Overton is now, and was at all times material hereto, a resident and domiciliary of the state of Kansas. Defendant Blake F. Overton resides at and may be served with process at 12456 Linden Lane, Leawood, Kansas 66209.

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff and decedent Christopher Sloan were residents of the state of Missouri and the Defendants are all residents of the state of Kansas and the amount in controversy is greater than Seventy-five Thousand Dollars ($75,000.00).

**Statement of Facts**

6.     David Sloan is the duly appointed and authorized personal representative of the estate of Christopher Sloan and may bring this action individually and on behalf of the estate of Christopher Sloan. David Sloan is the natural father of decedent Christopher Sloan and, has endured mental anguish, suffering, or bereavement and has been denied, due to the conduct of Defendants, the society, comfort, companionship, of his son Christopher Sloan and has suffered losses for the lack of filial care, services, attention and protection and has lost out on the earnings that Christopher Sloan would have contributed to him during the remainder of his life; and has incurred funeral expenses.

7.     On or about the 17th day of April, 2007, Christopher Sloan (decedent) went to visit Blake Overton at Overton's residence located at 12456 Linden Lane, Leawood, Kansas 66209.

8. Blake Overton was residing in the home at 12456 Linden Lane, Leawood, Kansas 66209 with the express permission of the owner, his mother Judy Overton.

9. At all times material hereto Blake Overton did not have a valid driver license and, in fact, had had his driving privileges from the State of Kansas suspended and/or revoked. Judy Overton knowingly, or with reason to know, entrusted, loaned, permitted, furnished, or supplied her automobile to Blake Overton who was an incompetent or habitually careless driver who is incapable of properly handling or using an automobile carefully.

### Count I - Negligent Entrustment

10. Judy Overton knew or could have known that Blake Overton did not have valid driving privileges and was an incompetent or habitually careless driver because on many previous occasions she had hired attorneys to defend Blake Overton for a variety of traffic and criminal offenses. Said offenses ultimately led to the suspension and/or revocation of Defendant Blake Overton's driving privileges prior to April 17, 2007. Said offenses include but are not limited to:

   (a) Conviction of driving under the influence of alcohol on or about June 5, 2001 in violation of K.S.A. 08-1567;

   (b) Conviction on December 7, 2004 of possession of a controlled substance or drug paraphernalia in violation of K.S.A. 65-4152;

   (c) Conviction on July 13, 2006 for driving while license was canceled, suspended/revoked all in violation of K.S.A. 08-0262;

   (d) Convictions on January 4, 2007 for operating a motor vehicle without proper proof of liability insurance and reckless driving. Reckless driving was committed in violation of K.S.A. 08-1566 and

       driving without proper proof of liability insurance coverage was in violation of K.S.A. 40-3104;

(e)    Felony theft in violation K.S.A. 21-3701;

(f)    Conviction on May 6, 1999 for felony possession of methamphetamines in violation of K.S.A. 65-4160(A);

(g)    Battery on a law enforcement officer on May 6, 1999 in violation of K.S.A. 21-3413(a)(1);

(h)    On or about the 22nd day of November, 2004 Defendant Blake Overton was found by the Johnson County District Court to have an active drug problem and this information was known by separate Defendant Judy Overton;

(I)    Conviction on August 5, 1999 for possession of methamphetamines in violation of K.S.A. 65-4160(A);

(j)    Conviction on August 5, 1999 for driving under the influence in violation of K.S.A. 8-1567;

(k)    Conviction on February 2, 2000 for possession of diazepam in violation of K.S.A. 65-4162(A);

(l)    Conviction on January 18, 2001 for aggravated escape from custody in violation of K.S.A. 21-3809;

(m)    Conviction on October 14, 2003 for possession of marijuana in the state of Oklahoma, County of Cleveland;

(n)    Conviction on August 26, 2004 for possession of drug paraphernalia in violation of K.S.A. 65-4152.

11. Judy Overton was well aware of Blake Overton's drug and alcohol addictions and problems and criminal convictions as she paid for Blake Overton to attend various drug and alcohol counseling and rehabilitation services repeatedly in the past, all of which occurred prior to April 17, 2007. Judy Overton had previously paid in excess of Twenty-five Thousand Dollars ($25,000.00) for Blake Overton to attend various drug and alcohol treatment. Therefore, she was well aware of the severity and the continuing and debilitating nature of Blake Overton's drug and alcohol problems, and his status as an incompetent and habitually careless driver.

12. Despite having knowledge of the facts mentioned above, and despite having specific knowledge of the fact that Blake Overton did not possess a valid driver license and was an incompetent or habitually careless driver, Judy Overton regularly provided an automobile to Blake Overton for his use.

13. Despite having knowledge of his prior drug and alcohol problems, his multiple convictions for drug and alcohol abuse and other criminal matters, and despite being well aware of the fact that Blake Overton was a completely incompetent, habitually careless driver and not properly licensed, Judy Overton provided an automobile to Blake Overton for his use.

14. On April 17, 2007, Christopher Sloan drove his automobile to Blake Overton's home in Leawood, Kansas. Christopher Sloan left his automobile at Blake Overton's house and got into an automobile driven by Blake Overton. Blake Overton drove the vehicle owned and insured by Judy Overton with Judy Overton's permission.

15.     As a direct and proximate result of the breaches of duty by Judy Overton, and all of the wrongful conduct above, Christopher Sloan suffered general and special damages including, but not limited to, gunshot wounds to his shoulder, neck, head and endured extreme pain and suffering and ultimately died.

16.     As a direct and proximate result of the wrongful conduct of Judy Overton as outlined above, and as shall become more apparent throughout discovery herein, Christopher Sloan suffered general and special damages including, but not limited to, physical pain and suffering, emotional pain and suffering, shock, horror, emotional distress, and ultimately died as a result of the gunshot wounds.

17.     Judy Overton's conduct, in entrusting an automobile to a known convicted felon, drug addict, person who abuses alcohol, and who is otherwise an incompetent or habitually careless driver, was willful, wanton, and with a complete disregard for the rights of others, including, but not limited to Christopher Sloan, and, therefore, the imposition of punitive damages is warranted to deter Judy Overton and others similarly situated from behaving in this manner in the future.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Judy Overton and Blake Overton in a sum in excess of Seventy-five Thousand Dollars ($75,000.00), that is fair and reasonable, for an award of punitive damage in the sum to deter Defendants and others similarly situated from engaging in the similar conduct in the future, for an award of all costs expended herein, and for such other and further relief as the Court deems just and equitable in the premises.

**Count II - Restatement (Second) of Torts § 323**

COME NOW Plaintiffs, and for their Count II of their Complaint state and allege as follows:

18. Plaintiff David Sloan personally, and David Sloan as the personal representative of the Estate of Christopher Sloan adopts and incorporates each and every allegation of paragraphs 1 through 17 above as though set forth in full herein.

19. On April 17, 2007, Mr. Overton undertook to drive Christopher Sloan in Judy Overton's vehicle.

20. Mr. Overton drove the vehicle into a high crime area in Kansas City, Kansas. Mr. Overton was in Kansas City, Kansas for the specific purpose of buying crack cocaine for his own personal use. The drug deal went bad and Christopher Sloan died as a result of gunshot wounds.

21. On April 17, 2007, Blake Overton undertook to render services to Christopher Sloan, and specifically undertook to provide Christopher Sloan a ride in Judy Overton's motor vehicle, and further, Blake Overton is liable to Christopher Sloan for the physical harm resulting from Blake Overton's failure to exercise reasonable care to perform his undertaking because:

> (a) Blake Overton's failure to exercise care increased the risk of harm to Christopher Sloan and ultimately led to Christopher Sloan's death; or
>
> (b) Christopher Sloan suffered personal injury and death because of Christopher Sloan's reliance upon the undertaking by Blake Overton.

22.     Blake Overton breached his duty to Christopher Sloan when he drove his mother's motor vehicle, which was supplied to him by Judy Overton with her full knowledge of the fact that he was an incompetent, habitually careless driver, and drove said vehicle into a high crime area in Kansas City, Kansas looking for crack cocaine for Blake Overton's own personal consumption.

23.     Blake Overton's conduct, in driving the vehicle into a high crime area in Kansas City, Kansas for the specific purpose of buying crack cocaine for his own personal use, was willful, wanton, and with a complete disregard for the rights of others, including, but not limited to Christopher Sloan, and, therefore, the imposition of punitive damages is warranted to deter Blake Overton and others similarly situated from behaving in this manner in the future.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Judy Overton and Blake Overton in a sum in excess of Seventy-five Thousand Dollars ($75,000.00), that is fair and reasonable, for an award of punitive damage in the sum to deter Defendants and others similarly situated from engaging in the similar conduct in the future, for an award of all costs expended herein, and for such other and further relief as the Court deems just and equitable in the premises.

## Count III - Negligent Entrustment of a Firearm

COME NOW the Plaintiffs and for Count II of their Complaint against the Defendant, and allege and state as follows:

24.     Plaintiffs adopt and incorporate each and every allegation of paragraphs 1 through 23 above as though set forth in full herein.

25.     At all times material hereto, Judy Overton was the owner of a handgun.

26.	At all times material hereto, Judy Overton had a duty to store her handgun in a safe and prudent manner, taking into consideration the type of handgun, where the ammunition was located, and the circumstances of the guns used, as well as the circumstances of her son, Blake Overton's drug history and criminal activity.

27.	At all times material hereto, Judy Overton had a duty to safeguard her handgun and to use the highest degree of care for safeguarding her handgun as it was a dangerous instrumentality.

28.	Judy Overton breached her duties to properly safeguard her handgun when she left it in a place where Blake Overton could obtain possession of her handgun.

29.	It was reasonably foreseeable that Christopher Sloan, and/or others, would be injured do to Judy Overton's breach of her duty to properly safeguard her handgun.

30.	Because Judy Overton knew very well Blake Overton's prior criminal record, including, but not limited to charges for drug use, driving under the influence, and other convictions as set forth more fully above, it was foreseeable that Judy Overton allowing Blake Overton to get possession of her handgun would led to injury or death.

31.	As a direct and proximate result of the breaches of duty by Judy Overton and Blake Overton, Christopher Sloan suffered severe physical pain and suffering, emotional pain and suffering, shock, horror, emotional distress, and ultimately died as a result of the gunshot wounds.

32.	Judy Overton's conduct in not safeguarding her handgun, was willful, wanton, and with a complete disregard for the rights of others, including, but not limited to Christopher Sloan.  Therefore, the imposition of punitive damages is warranted to deter Judy Overton and others similarly situated from behaving in this manner in the future.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Judy Overton and Blake Overton in a sum in excess of Seventy-five Thousand Dollars ($75,000.00), that is fair and reasonable, for an award of punitive damage in the sum to deter Defendants and others similarly situated from engaging in the similar conduct in the future, for an award of all costs expended herein, and for such other and further relief as the Court deems just and equitable in the premises.

**THE BACKER LAW FIRM, LLC**

By: /s/ Joseph M. Backer
JOSEPH M. BACKER   KS14699
14801 E. 42nd Street South, Suite 100
Independence, MO 64055
Telephone: 816/283-8500
Facsimile: 816/283-8501
ATTORNEY FOR PLAINTIFFS
jbacker@backerlaw.net

**JURY TRIAL DEMAND**

COME NOW, the Plaintiffs, and hereby demand jury trial on all issues so triable in Kansas City, Kansas.

/s/ Joseph M. Backer

G:\KC\1014 Sloan, David\001 Sloan & Welty v. Overton, et al\Pleadings\Complaint.wpd