IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID SLOAN, Plaintiff ad Litem
for the Estate of Christopher Sloan, and
DAVID SLOAN, Individually,

      PLAINTIFFS,

    vs.                                      Case No. 08 CV 2571-JAR/DJW

BLAKE F. OVERTON, et al.

      DEFENDANTS.

**MEMORANDUM RESPONSE OF THE ESTATE OF BLAKE OVERTON IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE (DOC. NO. 35)**

COMES NOW, the Estate of Blake Overton, a non-party in this action, by counsel, and submits this response in opposition to plaintiffs' "Motion to Substitute Michelle Suter, Special Administrator of the Estate of Blake Overton as Party Taking the Place of Blake F. Overton aka Blake Fleming Overton (Deceased)" (hereafter, "motion to substitute"), and requests the court to deny the motion and enter an order dismissing Blake Overton, alleged Blake Overton aliases and the Estate of Blake Overton, with prejudice.

**NATURE OF MATTER BEFORE THE COURT**

Plaintiff has filed a motion to substitute, seeking to substitute the Estate of Blake Overton for Blake Overton, a deceased individual. The Estate of Blake Overton opposes the motion for the reasons set forth herein, and requests the court to deny the motion and enter an order dismissing Blake Overton, alleged Blake Overton aliases and the Estate of Blake Overton, with prejudice.

**STATEMENT OF THE FACTS**

1. Plaintiffs' Complaint was filed November 13, 2008, containing a tort-type claim against Blake Overton, an individual. (*Doc. No. 1.*)

2. Plaintiffs' Complaint alleges the subject incident occurred April 17, 2007. (*Doc. No. 1, par. 7.*)

3. On February 10, 2009, plaintiffs filed a Suggestion of Death on the Record, indicating therein that Blake Overton died January 24, 2009. (*Doc. No. 8.*)

4. Plaintiffs filed a motion to extend the time for service on the Estate of Blake Overton (*Doc. No. 9*), which was granted by an order (*Doc. No. 10*) granting plaintiffs to April 10, 2009 by which to serve the Estate of Blake Overton.

5. Plaintiffs filed a second motion to extend the time for service on the Estate of Blake Overton (*Doc. No. 11*), and then filed a "supplemental" motion to extend the time for service on the Estate of Blake Overton (*Doc. No. 13*), which was granted by an order (*Doc. No. 15*) giving plaintiffs to May 15, 2009 by which to serve the Estate of Blake Overton.

6. The plaintiffs' supplemental motion (*Doc. No. 13*) was filed April 29, 2009 and indicated therein by attached "*Exhibit A*" that an Order Appointing Special (administrator for the Estate of Blake Overton) was filed in Johnson County, Kansas Probate Court on April 28, 2009.

7. Plaintiff filed a proof of service indicating the Special Administrator for the Estate of Blake Overton was served with a summons and the Complaint on May 4, 2009. (*Doc. No. 16.*)

8. On October 1, 2009, plaintiffs filed the subject motion to substitute with supporting memorandum. (*Docs. Nos. 35 and 36.*)

9. The date ninety (90) days following the plaintiffs' filing of the Suggestion of Death on

the Record (*Doc. No. 8*) was May 11, 2009. (*Calendar- Judicial Notice*.)

10. The date two (2) years following the date of the incident referenced in plaintiffs' Complaint (*Doc. No. 1*) was April 17, 2009. (*Calendar- Judicial Notice*.)

11. Because a summons and the Complaint were served on the Special Administrator of the Estate of Blake Overton, an Answer was filed for the Estate to protect the Estate from any unilateral action. The Answer (*Doc. No. 17*) contained the following specified defenses:

> 1. The Estate of Blake F. Overton is not a party to this action, but serves this answer to a complaint with which it was served, so as to protect the estate from any adverse actions taken against the estate in this action.
>
> 2. As to the Estate of Blake F. Overton, the Complaint is barred by the statute of limitations.
>
> 3. The plaintiff's Complaint fails to state a claim upon which relief may be granted against the Estate of Blake F. Overton.
>
> 4. The Estate of Blake F. Overton is not a party to this action and asks the court to find that it is not required to respond or participate in this action until such time as it is added as a party.
>
> 5. Plaintiff's Complaint is barred by the failure to join a necessary party pursuant to Fed. R. Civ. Proc. 19.
>
> 6. Blake Overton is not the real party in interest.

## QUESTION PRESENTED

Did plaintiffs comply with Fed. R. Civ. Proc. Rule 25(a) and timely file the motion to substitute so as preserve a claim against the Estate of Blake Overton?

## ARGUMENTS AND AUTHORITIES

Plaintiffs did NOT comply with Fed. R. Civ. Proc. Rule 25(a) by failing to timely file the motion to substitute to preserve a claim against the Estate of Blake Overton.

## **PLAINTIFFS FAILED TO COMPLY WITH FED. R. CIV. PROC. RULE 25(a) BY FAILING TO TIMELY FILE THE MOTION TO SUBSTITUTE, AND ANY ACTION AGAINST THE ESTATE "MUST BE DISMISSED":**

Plaintiffs filed a Suggestion of Death on the Record, but only served the Suggestion on the attorneys for defendant Judy Overton (*Doc. No. 8.*)   Plaintiffs did NOT, as they were required, file the motion to substitute within ninety (90) days of filing the Suggestion of Death.

**Rule 25. Substitution of Parties**

**(a) Death.**

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed**.
(2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.
(Emphasis added.)

Plaintiffs' Suggestion of Death was filed February 10, 2009. (*Doc. No. 8.*) Ninety (90) days following the filing of the Suggestion of Death was May 11, 2009.  Plaintiffs' motion to substitute was filed October 1, 2009, two hundred and three (203) days after the filing of the Suggestion of Death.  On April 29, 2009, plaintiffs filed a supplemental motion for extension to serve the Estate of Blake Overton (*Doc. No. 13*), in which they attached "Exhibit A" reflecting that an order appointing a special administrator for the Estate of Blake Overton had been filed April 28, 2009.

At the time of filing that supplemental motion, there were twelve (12) days remaining in the ninety (90) day deadline for filing a motion to substitute pursuant to Fed. R. Civ. Proc. Rule 25(a). Whether or not such an extension would have been legally permissible, plaintiffs never filed a

motion to extend the ninety (90) day limitation imposed by Fed. R. Civ. Proc. Rule 25(a) within which to file a motion to substitute.

Case law construing this Rule confirms that plaintiffs' failure to file the motion to substitute by May 11, 2009 is fatal to both the pending motion to substitute and any further continuation of a claim against the Estate of Blake Overton.

> Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party. Fed. R. Civ. P. 25(a) (1) (emphasis added).
>
> On June 9, 2006, the Coughlin Defendants filed a Statement of Fact of Death ("the Statement") (dkt. # 85), which informed the court and the Plaintiff that Robert Coughlin died on June 12, 2004. Whether or not the Plaintiff had actual knowledge of Robert Coughlin's death before the Coughlin Defendants filed the Statement is irrelevant. In the Statement, the Coughlin Defendants certified that a copy of the Statement was served upon the Plaintiff's counsel via First Class mail, thus complying with Rule 5 of the Federal Rules of Civil Procedure. The Statement was also docketed and entered onto the court's electric filing system on June 9, 2006. Rule 25 then required the Plaintiff to file a motion for substitution no later than ninety days after the Robert Coughlin's death was "suggested on the record" by service of the Statement. To date, the Plaintiff has filed no motion for substitution. Rule 25 dictates that, if no motion for substitution is filed within that ninety days, the action shall be dismissed as to the deceased party. Therefore, the Plaintiff is barred from proceeding against Robert Coughlin. Consequently, because the Plaintiff has not complied with the requirements of Rule 25 and can no longer obtain the relief sought from Robert Coughlin, this action, as it pertains to Robert Coughlin, is dismissed, and the Plaintiff's motion, insofar as it pertains to Robert Coughlin, is DENIED.
>
> <u>FDIC v. Cromwell Crossroads Assocs. Ltd.</u>, 480 F. Supp. 2d 516, 527 (D. Conn. 2007).

In the case at bar, plaintiffs were aware by at least February 10, 2009 that the individual defendant Blake Overton named in the Complaint had died January 24, 2009. Plaintiffs filed a Suggestion of Death on that date. Plaintiffs then "put the cart before the horse." Plaintiffs filed three (3) motions to extend the time to serve the Estate of Blake Overton, even though at the time

of the first two motions, there was no Estate of Blake Overton. By the time plaintiffs' filed the third "supplemental" motion for additional time to serve the Estate of Blake Overton, a Special Administrator of the Estate of Blake Overton had been appointed. Plaintiffs then served the Complaint - which does not name the Estate of Blake Overton- upon the Special Administrator of the Estate. (There has never been an amendment of the Complaint nor a request to amend the Complaint to add the Estate of Blake Overton as a party.)

Plaintiffs' three motions for extensions of time to serve the Estate of Blake Overton accomplished obtaining orders granting plaintiffs to May 15, 2009 within which to serve the estate. Plaintiffs did not, however, ever seek or secure an order prior to the expiration of May 11, 2009 to extend the time for filing a motion to substitute, the time for which expired on May 11, 2009.[1] Even assuming without admitting, *arguendo*, that the plaintiffs' supplemental motion to extend the time to serve the estate is somehow construed or magically transformed into a request to extend the time for filing a motion to substitute, the order responsive to that motion granted an extension only to May 15, 2009. The motion to substitute was filed 4 ½ months later.

The only claim presented in the Complaint against Blake Overton is a claim pursuant to Restatement (Second) Torts § 323. The statute of limitations on such claim expired on April 17, 2009. K.S.A. 60-513. Having failed to timely substitute the estate, all tort claims made or available against the Estate of Blake Overton are barred. The Estate of Blake Overton preserved this defense within its Answer filed herein.

---

[1] The Estate of Blake Overton does not suggest that such an extension would have been legally permissible.

WHEREFORE, the Estate of Blake Overton respectfully requests the court to deny plaintiffs' pending motion to substitute and enter an order dismissing Blake Overton, alleged Blake Overton aliases and the Estate of Blake Overton, with prejudice.

Respectfully submitted,

COATES & LOGAN, LLC

By: /s/ Leo L. Logan
LEO L. LOGAN     #09973
6804 West 107th Street, Suite 250
Overland Park, KS 66212
(913) 381-4000
(913) 381-4011 - Fax
lll@coateslogan.com

ATTORNEYS FOR THE ESTATE OF BLAKE OVERTON

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Response in Opposition to Plaintiffs' Motion to Substitute was served on counsel for plaintiffs and co-defendant Judy Overton by the court's ECF electronic system of e-mail service of all filings in the action, on this 2nd day of October, 2009.

By: /s/ Leo L. Logan
LEO L. LOGAN     #09973