IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID SLOAN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 08-CV-2571 JAR/DJW |
| | ) | |
| BLAKE F. OVERTON et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO SUBSTITUTE**

COME NOW the Plaintiffs, David Sloan, Plaintiff ad litem for the Estate of Christopher Sloan and David Sloan personally, and for his Memorandum in Support of Plaintiffs' Motion to Substitute alleges and states as follows:

**RESPONSE TO STATEMENT OF FACTS**

The Plaintiffs are generally in agreement with the Statement of Facts stated in Defendant's Memorandum in Opposition to Motion to Substitute. However, Plaintiffs state that it is obvious that Defendant Estate of Blake F. Overton was well aware of the litigation pending against it as it filed an answer to the timely-filed Complaint.

Not only did the Estate of Blake F. Overton file an answer, but it has served Rule 26 Disclosures, has engaged in virtually every scheduling conference and other pretrial matter with the Court, and is fully participating as a Defendant in this case.

**QUESTION PRESENTED**

Is substitution of the Estate of Blake F. Overton in the interests of justice?

**ARGUMENT AND AUTHORITIES**

As stated in the Motion to Substitute, while the timing of the Motion for Substitution may be legitimately criticized, the Motion should not be denied on that basis.  The purpose of Fed.R.Civ.P. 17 does not appear threatened if the Court allows substitution.  *Unzueta v. Steele*, 291 F.Supp.2d 1230 (D.Kan. 2003).

In the instant case, Plaintiffs mistakenly believed that filing the Motion to Enlarge Time to Effect Service on the Estate of Blake F. Overton, and further opening the estate in the Johnson County District Court and appointing a special administrator, in effect would substitute the Estate for Blake F. Overton (deceased).

A nearly identical situation occurred in the *Unzueta* case.  In *Unzueta*, "the failure to move sooner for substitution appears to be the result of a mistake as to the legal authority of a document, ie, the authority extended by the order of special administration..." Id at 1234.  The same is true here.  Plaintiffs mistakenly relied upon the order appointing special administrator and the court's granting of the Motion to Enlarge Time to obtain service on the Estate of Blake F. Overton and believed that the appropriate substitution had been made.

One cannot analyze Rule 25 without taking into account the function of Rule 17.  The function of Rule 17(a) is to protect Defendants against a subsequent action by the party actually entitled to recover and ensure that judgment will have proper res judicata effect.  Id at 1234 citing *Scheufler v. General Host Corp,* 126 F.3d 1261, 1270 (10th Cir. 1997).

Most important, "it is a matter of deciding whether substitution is in the interests of justice. Substitution should be permitted 'to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made'". Id at 1234. Further, "Because the delay in correcting this mistake has not caused prejudice to Defendants and substitution is in line with the purposes of Rule 17 we shall grant the motion to substitute." Id.

See also *Scheufler v. General Host Corporation*, 126 F.3d 1261 (10th Cir. 1997).

Applying that analysis in this case renders the same result. The Defendants will simply not suffer any prejudice if the Motion to Substitute is granted. Moreover, Defendant has been fully participating in the litigation thus far, and was on notice of litigation well in advance of the Motion to Substitute.

## **CONCLUSION**

If the Court grants the Motion to Substitute it will be furthering the interests of justice and Defendants will suffer no prejudice. Therefore, the Court must grant the motion.

WHEREFORE, the Plaintiffs move the Court for its Order sustaining the Motion to Substitute, and for such other and further relief as the Court deems just and equitable in the premises.

                                               THE BACKER LAW FIRM, LLC

                                               By: /s/ Joseph M. Backer
                                               JOSEPH M. BACKER        KS14699
                                               14801 E. 42nd Street S., Suite 100
                                               Independence, MO 64055
                                               Telephone:    816/283-8500

                Facsimile:    816/283-8501
                jbacker@backerlaw.net
                **ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was electronically filed with the United States District Court for the District of Kansas and served on the counsel listed below this 5th day of October, 2009 via facsimile.

Mr. David R. Buchanan
Mr. Derek H. MacKay
BROWN & JAMES, P.C.
1100 Main Street, Suite 1900
Kansas City, MO 64105
816-421-1183 - facsimile
dbuchanan@bjpc.com
Attorneys for Defendant Judy Overton

Mr. Leo Logan
COATES & LOGAN, LLC
6804 West 107th Street
Suite 250
Overland Park, Kansas 66212
913-381-4011 - facsimile
lll@coateslogan.com
Attorney for Estate of Blake Overton

                /s/ Joseph M. Backer
                Attorney for Plaintiffs

G:\KC\1014 Sloan, David\001 Sloan & Welty v. Overton, et al\Pleadings\ReplyMemoNSuppPlfsMo2Sub 100509.wpd