hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID SLOAN, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 08-2571-JAR-DJW |
| ) | |
| **BLAKE OVERTON, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff David Sloan's Motion to Substitute (Doc. 35) and the Estate of Blake Overton's Motion to Dismiss (Doc. 49). After plaintiff filed the present lawsuit, defendant Blake Overton passed away. The parties now dispute whether a proper party may be substituted under Fed. R. Civ. P. 25(a). The Estate of Blake Overton ("the Estate") argues that it is not a party to the lawsuit and plaintiff's failure to move for substitution of the Estate within 90 days after the statement of death was served under Rule 25(a) warrants dismissal of all claims brought by plaintiff against the Estate. Plaintiff alleges his failure to move for substitution under Rule 25(a) was inadvertent, plaintiff served the Estate with summons and the Complaint, and the Estate has fully participated in all pleadings and discovery thus far. Plaintiff asks that substitution of the Estate as a defendant be permitted beyond the time allowed by Rule 25(a). After considering the parties' submissions, the Court denies the Estate's motion to dismiss and grants plaintiff's motion to substitute for the reasons explained in detail below.

    **I.**    **Background**

Plaintiff filed this action on November 13, 2008, against defendant Blake F. Overton, a/k/a Blake Fleming Overton, a/k/a Pimp Fleming Overton ("Blake"), and defendant Judy Overton ("Judy"), alleging three claims: (1) Judy negligently entrusted a vehicle to Blake, (2) Blake negligently rendered services to plaintiff, and (3) Judy negligently entrusted a firearm to Blake.[1]  Summonses were issued as to Blake and Judy, but only Judy was served.[2]

Blake died on January 24, 2009, and on February 10, 2009, plaintiff's counsel filed a "Suggestion of Death on the Record," notifying the Court of Blake's death.[3]  Plaintiff simultaneously filed a Motion to Enlarge Time to Obtain Service on Separate Defendant Blake Overton's Estate, asking for sixty additional days.[4]  There were no objections, and on February 11, the Court granted plaintiff until April 10, 2009 to serve the Estate.[5]  On April 10, 2009, plaintiff filed a Second Motion to Enlarge Time to Obtain Service, noting that the Probate Court of Johnson County was required to appoint a Special Administrator over the Estate, plaintiff was attempting to find a suitable person to serve as special administrator, and informing the Court that on April 10, 2009, plaintiff filed a Petition for Appointment of Special Administrator.[6]  Plaintiff stated that he was unable to serve process on the Estate until the Probate Court appointed the special administrator, asking for a twenty-day extension for service.[7]  Judy

---

[1] (Doc. 1.)

[2] (Doc. 3.)

[3] (Doc. 8.)

[4] (Doc. 9.)

[5] (Doc. 10.)

[6] (Doc. 11.)

[7] *Id.*

2

objected to the motion.[8] On April 29, 2009, while awaiting the Court's decision, plaintiff filed Supplemental Suggestions in Support of Plaintiff's Motion for Enlargement of Time to Obtain Service,[9] and attached a copy of the Probate Court's Order appointing a special administrator on April 27, 2009, and giving the special administrator the specific obligation to "receive service of process in the federal lawsuit describe[d] in the petition."[10] Plaintiff asked the Court for an extension until May 15, 2009 to obtain service on the newly-appointed special administrator.[11]

Over Judy's objections,[12] the Court granted plaintiff's motion and suggestions in support of motion for enlargement of time, giving plaintiff until May 15, 2009 to obtain service on Michelle M. Suter, Special Administrator for The Estate of Blake Overton.[13] The summons was issued on April 30, served on the special administrator on May 4, and was returned executed on May 6, 2009.[14] On May 21, 2009, Leo Logan entered his appearance on behalf of the Estate,[15] and the Estate filed an Answer, reserving its defense that it was not a party to the lawsuit, yet answering all claims raised against its decedent.[16]

At the scheduling conference on August 28, 2009, Leo Logan appeared, representing that

---

[8](Doc. 12.)

[9](Doc. 13.)

[10](Doc. 13, Ex. A.)

[11](Doc. 13.)

[12](Doc. 14.)

[13](Doc. 15.)

[14](Doc. 16.)

[15](Doc. 18.)

[16](Doc. 17.)

3

he was present on behalf of defendant Blake Overton,[17] the Estate served Initial Rule 26 Disclosures on August 31, 2009,[18] and the Estate served Opening Interrogatories and First Request for Production to the plaintiff on September 9, 2009.[19]

On October 1, 2009, plaintiff filed a formal Motion to Substitute Michelle M. Suter, Special Administrator of the Estate of Blake Overton.[20] The Estate objected to plaintiff's motion for substitution, arguing it was untimely under Rule 25(a). However, the Estate did not file a motion to dismiss on the basis of Rule 25(a) until November 2, 2009.[21]

Because the parties' arguments regarding plaintiff's Motion to Substitute and the Estate's Motion to Dismiss relate to a proper application of Rule 25(a), the Court addresses them simultaneously.

**II.     Standards**

If an action is filed and pending in federal court, and a party dies during the pendency, Federal Rule of Civil Procedure 25(a) governs the procedure by which a proper party may be substituted for the decedent.[22] Rule 25(a) may be utilized if two prerequisites are met: (1) a party has died, and (2) the claim survives the decedent.[23] Whether a claim survives the decedent,

---

[17](Doc. 29.)

[18](Doc. 26.)

[19](Doc. 31.)

[20](Doc. 35.)

[21](Doc. 49.)

[22]7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1952 (3d ed. 2007) (stating that Rule 25 is procedural; "[i]t does not provide for the survival of rights or liabilities but merely describes the method by which the original action may proceed if the right of action survives.").

[23]*See id.* § 1954; FED. R. CIV. P. 25(a).

4

however, is determined by looking to state or federal substantive law.[24]

If those two prerequisites are met, the court must then consider personal jurisdiction and subject-matter jurisdiction in granting the substitution. If the court has subject-matter jurisdiction on the basis of diversity jurisdiction, it continues to have subject-matter jurisdiction after substitution even if the substituted party is non-diverse.[25] However, "it is still necessary to acquire personal jurisdiction over the person who is to be substituted."[26] "If an action was commenced by the filing of a complaint but a party named in the complaint dies, . . . before being served with process, substitution is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction."[27]

Assuming all prerequisites are met, Rule 25(a) sets out the procedure for substitution:

> (1) If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed. . . .
>
> (3) A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Service of the statement of death triggers the running of the 90-day period.[28] Even though Rule 25(a) states that an action "*must* be dismissed" if the parties fail to move for substitution within

---

[24]*Lowe v. Experian*, 340 F. Supp. 2d 1170, 1174 (D. Kan. 2004).

[25]7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1951 (3d ed. 2007).

[26]*Id.*

[27]*Id.*; *Bertsch v. Canterbury*, 18 F.R.D. 23, 27 (S.D. Cal. 1955).

[28]*United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1034–35 (10th Cir. 1974).

90 days, the Advisory Committee has made Rule 25 subject to Rule 6, permitting the court to enlarge the period in appropriate circumstances.[29] Dismissal is no longer automatic after 90 days. "Whether an action should be dismissed for failure to comply with the 90 day time limit lies within the sound discretion of the district court."[30] In deciding whether dismissal is warranted, a court should be mindful that the underlying purpose of Rule 25(a)(1) is "to allow flexibility in substitution,"[31] and to achieve this purpose, "the rule should be liberally interpreted."[32]

Under Rule 6(b)(1), therefore, a court may enlarge the 90-day period "for good cause"

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Thus, "[t]he court may enlarge the 90 day period upon request made prior to the expiration of such period."[33] If the motion is filed *after* the prescribed deadline, the court may order substitution if the movant demonstrates excusable neglect.[34] "The burden is on the movant to

---

[29] FED. R. CIV. P. 25 advisory committee's 1963 note ("The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b), as amended."); FED. R. CIV. P. 6 advisory committee's 1963 note ("The prohibition against extending the time for taking action under Rule 25 (Substitution of parties) is eliminated. . . . It is intended that the court shall have discretion to enlarge that period."); 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1953 (3d ed. 2007) ("The 1963 amendments changed the time limit in Rule 25(a) and amended Rule 6(b) so that the court now has power to enlarge the time limit of the new rule.").

[30] *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) (citing FED. R. CIV. P. 25(a)(1) advisory committee's 1963 note; *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966)).

[31] *Id.*

[32] *Id.* (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)).

[33] *Id.* (citing *In re Klein*, 36 B.R. 390, 391 (Bankr. E.D.N.Y. 1984)).

[34] *Id.* (citing FED. R. CIV. P. 6(b)(2)).

establish that the failure to act timely was the result of excusable neglect."[35] To meet this burden, the movant must "demonstrate good faith and . . . show 'some reasonable basis for noncompliance within the time specified in [Rule 25(a)(1)].'"[36] The court should also consider the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[37] Excusable neglect is "an elastic concept,"[38] and is "not limited strictly to omissions caused by circumstances beyond the control of the movant."[39] In *United States v. Miller Brothers Construction Co.*,[40] the Tenth Circuit reviewed a district court's decision to grant an extension of time under Rule 6 for a party to file a Rule 25 motion to substitute, and held that "[a] discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action."[41] The District Court has previously noted that "difficulty in appointing an administrator could warrant an extension of time under Rule 6(b) where there is a prompt application for such an

---

[35]*Id.* (citing *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973)).

[36]*Id.* (citing *Yonofsky*, 362 F. Supp. at 1012) (alterations in original).

[37]*Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

[38]*Kasting*, 196 F.R.D. at 602.

[39]*Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234 (D. Kan. 2007).

[40]505 F.2d 1031 (10th Cir. 1974).

[41]*Id.* at 1035 (upholding the extension granted by the district court because there was "no bad faith attributable to the government and Rapidways has not shown that it was unduly prejudiced.").

appointment."[42]

### III. Discussion

In plaintiff's motion to substitute and the Estate's motion to dismiss, the parties primarily focus on three issues: (1) whether the Estate waived its right to bring a Rule 12(b) defense by failing to raise it before answering; (2) whether the 2-year statute of limitations on tort claims bars Rule 25(a) substitution of a proper party; and (3) whether plaintiff's Rule 25(a) motion to substitute may be filed beyond the 90-day period. The Court addresses each issue in turn.

#### A. Timing of Rule 12(b) Defenses

The Estate characterizes its motion to dismiss as a motion brought under Fed. R. Civ. P. 12(b)(6), alleging plaintiff has failed to state a claim upon which relief can be granted. Plaintiff argues the Estate has waived its Rule 12(b)(6) defense because it did not raise the defense before answering and the Estate has already participated in discovery. In reply, the Estate claims it preserved its Rule 12(b)(6) defense in its Answer and moved to assert it at the first defensive opportunity.

The Court finds that both the plaintiff and the Estate have mis-characterized the motion to dismiss. The Estate's arguments for dismissal are rooted in Fed. R. Civ. P. 25(a), whereby the Estate argues plaintiff's claims should be dismissed because plaintiff did not timely move to substitute the Estate as a party. The Court notes, however, that Rule 25(a) substitution and personal jurisdiction are interrelated matters. To the extent the Estate is claiming the Court lacks personal jurisdiction over it, such defense is rooted in Rule 12(b)(2), rather than in Rule 12(b)(6).

---

[42] *Kasting*, 196 F.R.D. at 602.

8

Pursuant to Fed. R. Civ. P. 12(b), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (2) lack of personal jurisdiction . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Rule 12(h)(1) further provides that "[a] party waives any defense listed in Rule 12(b)(2)–(5) by: . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading . . . ." "However, because Rule 12(b) defenses should be presented at the first available opportunity, a party may waive a defense of lack of personal jurisdiction by its conduct in the litigation, even if the defense is properly preserved in the answer."[43] "Rule 12(h)(1) 'sets only the outer limits of waiver; it does not preclude waiver by implication. Asserting a jurisdictional defect in the answer [does] not preserve the defense in perpetuity. The defense may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct."[44]

Here, the Estate included in its Answer that it was "not a party to this action," but did not state that the Court lacked personal jurisdiction. In fact, in its motion to dismiss, the Estate admitted that the special administrator for the Estate "was served with a summons and the Complaint," and made no allegations that service was improper. Assuming the Estate preserved a lack-of-personal-jurisdiction defense, the Estate has not presented any grounds showing lack of personal jurisdiction under Rule 12(b)(2), separate from its Rule 25(a) defense discussed more fully below.

---

[43]*Tinley v. Poly-Triplex Technologies, Inc.*, No. 07-cv-01136-WYD-KMT, 2009 WL 812150, at *2 (D. Colo. Mar. 26, 2009) (citing various cases).

[44]*Id.* (quoting *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-4042, 2000 WL 146392, at *2 (10th Cir. Feb. 4, 2000)).

When a plaintiff moves to substitute a new party, the Court's order granting substitution does not secure personal jurisdiction over the new party.[45] In analyzing Rule 21 substitution, the Bankruptcy Court for the Northern District of Illinois noted, "[a]t most, the order [for substitution] changed the caption of the complaint, putting Mrs. Anselme on the 'defendant' line, and kept the action alive a little longer. But it did not make Mrs. Anselme a party. To do that, Brown must still serve Mrs. Anselme with process."[46]

Here, the opposite is true: plaintiff served the special administrator of the Estate with a summons and Complaint, but failed to move that the Estate be formally listed as a party in the above-captioned case. Neither plaintiff nor the Estate allege that plaintiff's service was ineffective in this case. The Estate argues only that it is not a proper party until the Court grants plaintiff's motion to substitute, and the Estate asks the Court to *deny* plaintiff's motion to substitute as untimely per Rule 25(a).

The only argument for "lack of personal jurisdiction" which the Court can infer from the Estate's motion to dismiss is that the Complaint with which it was served named the wrong defendant. If service of process is made on the correct party, although the Complaint incorrectly names the defendant, the Tenth Circuit has held that such an error does not undermine personal

---

[45]*In re Polo Builders, Inc.*, 374 B.R. 638, 645 (Bankr. N.D. Ill. 2007); 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1951 (3d ed. 2007).

[46]*In re Polo Builders, Inc.*, 374 B.R. at 645 (citing *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994) (holding that the court did not have jurisdiction over the intended defendants because they had not received service of a summons and complaint as required by FED. R. CIV. P. 21 to become "parties" to the lawsuit)).

jurisdiction.[47] In *Houck v. Local Federal Savings & Loan, Inc.*,[48] the Tenth Circuit discussed a motion to dismiss for lack of personal jurisdiction in which the defendant alleged the complaint misnamed the defendant. The Tenth Circuit explained why this error should not affect personal jurisdiction:

> In the context of service of summons, an error in the name of the defendant, rather than naming and serving the wrong defendant, may normally be corrected by amendment. *Smith v. Boyer*, 442 F. Supp. 62, 63–64 (C.D.N.Y. 1977). This is especially true when the named and served and [sic] party is the actual party intended to be sued, has notice of the suit, and notice of the facts upon which the suit is based. *Id.*
>
>> When the error goes to form rather than substance . . . and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a federal court should refuse to permit amendment of the process of return of service.
>
> 4A C. Wright and A. Miller, Federal Practice & Procedure § 1131 at 354–55 (1987).
>
> The same principles should apply to incorrectly naming the party in the complaint. Amendment will normally be allowed pursuant to Fed. R. Civ. P. 15(a) and 4(h).[49]

Here, the Court assumes, *arguendo*, that the Estate has preserved its defense of lack of personal jurisdiction. Nevertheless, to the extent the Estate is claiming lack of personal jurisdiction because it was served with a Complaint in which it was misnamed, the Court denies

---

[47] *See Houck v. Local Fed. Sav. & Loan, Inc.*, No. 93-6046, 1993 WL 191818, at *2–3 (10th Cir. June 1, 1993).

[48] *Id.*

[49] *Id.* at *3.

the Estate's motion to dismiss on that basis.

### B. Rule 25(a) and the Statute of Limitations

In the Estate's response to plaintiff's motion to substitute, and in the Estate's motion to dismiss, the Estate briefly cites Kansas' two-year statute of limitations for tort claims, K.S.A. § 60-513. The Estate does not explain its argument, but concludes that plaintiff's negligence claim against the Estate is barred because the Estate was not substituted as a proper party within two years of the event giving rise to the suit. The statute of limitations is an affirmative defense, and "the burden of pleading and proving its applicability rests on the defendant."[50]

If there is a statute of limitations issue in this case, the Estate has failed to make such a showing. The Estate argues plaintiff failed to file a motion for substitution within two years of the event giving rise to the suit, but cites absolutely no authority for the implicit argument that Fed. R. Civ. P. 25(a) substitution must be invoked within the Kansas statutory limitations period for commencing an action. The statute of limitations governs when an action may be commenced.[51] Rule 25(a), however, may be invoked to substitute a proper party at any point during a pending district court case in which two prerequisites are met: (1) a party has died, and (2) the claim survives the decedent.[52]

Since Rule 25 was amended in 1963, "[t]he flexible [90-day] time provision has little resemblance to a statute of limitations. The courts that thought the former rule invalid did so because of the 'absolute' or 'fixed' time limit it imposed. That feature is now wholly gone from

---

[50]*Burnett v. Perry Mfg., Inc.*, No. 92-4187-DES, 1994 WL 116323, at *3 (D. Kan. Mar. 15, 1994).

[51]*Id.* at *2.

[52]7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1951–52 (3d ed. 2007).

the rule."[53] Rule 25 is considered procedural while a statute of limitation is substantive.[54] Thus, dismissal after 90 days is not automatic.[55]

The Estate only briefly mentions the Kansas statute of limitations without directly applying it to the facts of this case. Because such a defense is distinct from Rule 25(a), and because the Estate does not present facts relevant to whether this action was "commenced" within the statutory period under Kansas law, the Court finds the Estate has not borne its burden of proving its statute of limitations defense.

### C.    Application of Rule 25(a)

Finally, the Estate argues that Rule 25(a) has not been satisfied to allow for substitution, and thus, plaintiff's claims against the Estate should be dismissed.[56] The Court reminds the parties that Rule 25 "does not provide for the survival of rights or liabilities but merely describes the method by which the original action may proceed if the right of action survives."[57] Whether

---

[53]*Id.* § 1953 (3d ed. 2009).

[54]*See Boggs v. Blue Diamond Coal Co.*, 497 F. Supp. 1105, 1121–22 (E.D. Ky. 1980) (holding that Fed. R. Civ. P. 25(a) applied in a diversity action even though the Rule was in direct conflict with Kentucky state statute on substitution).

[55]*Kaubisch v. Weber*, 408 F.3d 540, 542 n.2 (8th Cir. 2005).

[56]The Estate correctly notes that Fed. R. Civ. P. 17 is not applicable here. Rule 17(a) applies to joinder of a plaintiff who is the "real party in interest"; it does not apply to joinder of defendants. 12B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: QUICK REFERENCE GUIDE 380 (2009); *see Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005) ("Rule 17(a) . . . as its text displays, speaks to joinder of plaintiffs, not defendants."); *see, e.g., Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006) ("By its terms . . . Rule 17(a) applies only to plaintiffs."). Furthermore, if a party is inappropriate under Rule 17 and must be replaced, replacement is accomplished through a Rule 15 amendment. 12B CHARLES ALAN WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: QUICK REFERENCE GUIDE 384 (2009). Generally, Rule 17 governs a person's capacity to *initiate* suit and Rule 25 governs cases in which substitution becomes necessary while the case is *pending* before the court.

[57]7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1952 (3d ed. 2007).

an action "survives" the defendant's death depends upon state law.[58] Here, the parties have assumed, without discussion, that plaintiff's tort claim survives Blake's death–the issue is neither argued nor briefed by either party. As this issue is not in dispute at this time, and the parties have not provided facts or law on the issue, the Court will assume Rule 25 applies in this case.[59]

Rule 25 includes within its provisions a 90-day period for filing a motion to substitute. If the 90-day period was triggered at all in this case, it began to run the day plaintiff served the Notice of Suggestion of Death on February 10, 2009.[60] Thus, the 90-day period would have

---

[58] *Lowe v. Experian*, 340 F. Supp. 2d 1170, 1174 (D. Kan. 2004).

[59] The Court also notes that plaintiff's negligence claim against Blake is not articulated clearly enough to allow an analysis of its "survivability." Plaintiff's Complaint states that David Sloan is bringing the lawsuit "personally" and "as the personal representative of the Estate of Christopher Sloan" (Doc. 1.), but does not state whether his negligence claim against Blake is a survival action for personal injuries or a wrongful death action. Plaintiff's claims for damages might be characterized as either. *See Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997) (noting that "[u]nder Kansas law at least two causes of action can arise when a person is killed due to the alleged negligence of another" – (1) a survival action brought by the administrator of decedent's estate under K.S.A. § 60-1801 for decedent's injuries prior to death, and (2) a wrongful death action brought by decedent's heirs under K.S.A. § 60-1902 for losses suffered by the heirs after death).

[60] Although the Estate argues that plaintiff failed to move for substitution within the 90-day period of Rule 25(a), neither plaintiff nor the Estate discuss whether the facts in this case were sufficient to trigger the 90-day period. The 90 days does not begin to run until the statement noting death is *served* on both parties and non-parties in accordance with 25(a)(3). *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [to substitute] is not made within 90 days after *service* of a statement noting the death, the action by or against the decedent must be dismissed.") (emphasis added). Here, the Estate noted that "[p]laintiff filed a Suggestion of Death on the Record, but only served the Suggestion on the attorneys for defendant Judy Overton." (Doc. 37, at 4.) Under Tenth Circuit precedent, if a defendant dies during a pending lawsuit, plaintiff must serve a suggestion of death on all parties and the *personal representative* of decedent's estate – it is insufficient for plaintiff to serve the attorney for the estate (even if the attorney for the defendant is also the attorney for the defendant's estate). *See Grandbouche v. Lovell*, 913 F.2d 835, 836–37 (10th Cir. 1990) (holding that "[m]ere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution"; "because the personal representative of decedent's estate did not receive service of any purported suggestion of death, the ninety-day limitations period did not begin to run. . . . Plaintiffs' motion for substitution was thus timely filed.").

In this case, the suggestion of death was filed with the Court, but it does not appear it was served on all parties (per Rule 5) and nonparties (per Rule 4) as required by Rule 25(a). If service was not effected on the Estate individually (per Rule 4), the 90-day period never began to run, in which case, plaintiff's motion to substitute would be timely. *See Kasting v. Am. Family Mut. Ins.*, 196 F.R.D. 595, 600–01 (D. Kan. 2000); *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1519 (D. Kan. 1991) (holding that suggestion of death and motion to substitute must be served on representative of decedent's estate); *see also Ransom v. Brennan*, 437 F.2d 513, 516–18 (5th Cir. 1971) (noting that Rule 5 permits service of papers on an attorney when the client is already a formal party to the action, but Rule 4 requires that papers be served personally on a new party to ensure personal jurisdiction is

14

expired on May 11, 2009. Within that period, plaintiff vigilantly sought to have a special administrator appointed to the Estate by filing a Petition for Appointment of Special Administrator, identifying an appropriate candidate, securing appointment of Michelle M. Suter, and then serving the summons and complaint on the special administrator. All this occurred by May 4, 2009, before the 90-day period had expired. During this same period, plaintiff filed two motions for extension of time for service of process and one suggestion in support to ensure he would have sufficient time to serve the Estate and secure *in personam* jurisdiction. The only mis-step the Estate has identified within that 90-day period is plaintiff's failure to file a formal motion to substitute. The Court, however, can find no bad faith in plaintiff's conduct.

The Court construes plaintiff's motion to substitute as including a request to enlarge time under Rule 6(b)(1)(B). In the motion to substitute, filed out-of-time, plaintiff recounted his efforts upon learning of defendant Blake's death to (1) notify the court, (2) identify the "proper party" for substitution, (3) ensure the appointment of an administrator to receive service of process, and (4) serve the summons on the newly-appointed special administrator. In his reply, plaintiff further explained that he "mistakenly believed that filing the Motion to Enlarge Time to Effect Service on the Estate of Blake F. Overton, and further opening the estate in the Johnson County District Court and appointing a special administrator, in effect would substitute the Estate for Blake F. Overton (deceased)."[61] Because the Probate Court's Order required the newly-appointed special administrator to receive process in the above-captioned case, plaintiff "mistakenly relied upon the order appointing special administrator" as legally sufficient to effect

---

obtained).

[61](Doc. 38 at 2.)

15

substitution.[62] Although plaintiff did not file a separate Rule 6(b) motion, the Court finds his motion to substitute states sufficient facts showing "excuseable neglect" to warrant an enlargement of time under Rule 6(b).

Plaintiff relies on *Unzueta v. Steele*[63] in support of his motion to substitute, wherein Unzueta moved for Rule 17 substitution as the proper plaintiff to bring suit. Although the motion for substitution was filed late, the District Court of Kansas considered the nature of the mistake that caused the delay: "[I]n this case the failure to move sooner for substitution appears to be a result of a mistake as to the legal authority of a document, i.e., the authority extended by the order of special administration, as well as the delay in this court's ruling upon defendants' motion to dismiss."[64] The court concluded that the mistake was "understandable," and since there was no apparent prejudice to the defendants, substitution should be granted.[65]

Here, plaintiff similarly believed the special administrator's appointment *for the purpose* of receiving service of process in this case was legally sufficient to effect substitution. The Estate argues that plaintiff's reliance on *Unzueta* is misplaced because the case deals with Rule 17 substitution rather than Rule 25 substitution. Although the two rules serve different purposes, the Court notes that both rules are designed to be interpreted liberally and both rules permit for enlargement of time when it would best serve the interests of justice. Therefore, the Court finds *Unzueta* instructive in this case.

---

[62]*Id.*

[63]291 F. Supp. 2d 1230 (D. Kan. 2003).

[64]*Id.* at 1234.

[65]*Id.*

Furthermore, the Estate has not alleged that it would be surprised or prejudiced by substitution at this time. The attorney for the Estate apparently participated in the scheduling conference, responded to all pleadings up to the present time, and even served its own discovery requests. The special administrator of the Estate was aware of the pending federal lawsuit when she was appointed, received service of process within the 90-day period that may have begun February 10, 2009, and was given an opportunity to answer the Complaint or file a motion (alternatives which the summons expressly identified). Instead of filing a motion to dismiss, however, the Estate filed an Answer, and although it reserved the defense that it was not a party to the lawsuit, it did not file a motion to dismiss on that basis until 165 days after answering. Plaintiff's motion to substitute was filed more than four months after the 90-day period had expired, but the Estate's motion to dismiss was not filed until a month *after* plaintiff's motion for substitution.

As noted by other courts, this Court "does not encourage delays in filing motions for substitution or motions for enlargement of time pursuant to Rules 6(b) and 25(a), and departure from the Federal Rules of Civil Procedure will not be permitted routinely."[66] However, "the history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."[67] This Court, similarly, does not encourage delays in the filing of motions for enlargement of time after the period has expired. Although the Court is reluctant to grant an

---

[66]*Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984) (citing *Anderson v. Republic Motor Inns*, 444 F.2d 87, 88 (3d Cir. 1971) (per curiam)).

[67]*Id.* (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966); *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974)).

17

extension under Rule 6(b) when a party has not formally sought enlargement by citing Rule 6, the Court finds that the unique circumstances of this case warrant a discretionary extension of time under Rule 6(b). "Under special circumstances, the failure to make a formal motion under Rule 25(a)(1) may be excused."[68]

Plaintiff's motion for substitution, which was filed out of time, infers within its purpose a request to file out of time. Based on the facts alleged by plaintiff and demonstrated in the record, the Court finds plaintiff has met his burden under Rule 6(b)(1)(B): plaintiff's neglect in this case was excusable, plaintiff was not acting in bad faith, and the Estate will not be prejudiced by substitution at this point in the case. Plaintiff was vigilant in his efforts to secure substitution in this case, and the Estate has proceeded with discovery and pretrial proceedings, and does not indicate any undue prejudice will result. The Estate filed its Motion to Dismiss only after plaintiff filed his Motion to Substitute and was awaiting the Court's decision. For the foregoing reasons, the Court will exercise the discretion provided by Rule 6(b)(1) to enlarge the time period for the filing of the motion for substitution and will grant the Rule 25(a) motion for substitution.[69]

---

[68] 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1956 (3d ed. 2009); *see Divone v. Sec'y of the Dep't of Health & Human Servs.*, No. CV-84-4950, 1988 WL 76555 (E.D.N.Y. July 7, 1988) (directing plaintiff to file a motion to substitute where there was no showing of bad faith or prejudice to defendant if court granted substitution late); *see also Anderson v. Republic Motor Inns, Inc.*, 444 F.2d 87 (3d Cir. 1971) (reversing the lower court's dismissal of an action for failure to file a formal motion for substitution within 90 days after the suggestion of death was filed, and construing the pretrial memorandum which was filed within that period as a motion to substitute because it largely conformed to Rule 25(a)(1)). In *Anderson*, the Third Circuit was very careful to explain, "[w]e emphasize that the unusual facts of this case lead us to vacate the May 1970 order of dismissal in the interests of justice. We also emphasize that this is an extraordinary case, and that departure from the requirements of the Federal Rules is not to be permitted routinely." *Anderson*, 444 F.2d at 89.

[69] *See Tatterson*, 104 F.R.D. at 21 (noting that the 90-day time period of Rule 25(a) was "not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted," whereby the court granted plaintiff's motion to substitute even though it was filed six months after the suggestion of death and after defendant moved to dismiss).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Substitute (Doc. 35) is **GRANTED** and the Estate's Motion to Dismiss (Doc. 49) is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 24, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE