# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID SLOAN, Plaintiff ad Litem for the Estate of Christopher Sloan, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) CIVIL ACTION |
| v. | )<br>) Case No: 08-2571-JAR-DJW |
| JUDY OVERTON, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint and Suggestions in Support (doc. 87). Defendants Judy Overton and the Estate of Blake Overton both oppose Plaintiffs' Motion on the grounds that amendment would be futile. For the reasons set forth below, the Motion is denied, but Plaintiffs will be given leave to file an amended motion for leave to file a revised First Amended Complaint.

## I.    BACKGROUND

On November 13, 2008, Plaintiffs filed this action against Blake Overton and Judy Overton, alleging three claims: (1) Judy Overton negligently entrusted a vehicle to Blake Overton, (2) Blake Overton negligently rendered services to Christopher Sloan, and (3) Judy Overton negligently entrusted a firearm to Blake Overton. Judy Overton moved to dismiss Count I, negligent entrustment of a vehicle, and Count III, negligent entrustment of a firearm. On March 3, 2010, District Judge Robinson granted Judy Overton's motion to dismiss Count I, but granted Plaintiffs' request to file a motion for leave to amend the Complaint as to Count III.[1]

Plaintiffs therefore filed this Motion on March 22, 2010, attaching a copy of their proposed

---

[1] Mem. & Order (doc. 81).

First Amended Complaint.

## II.    STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[2] Fed. R. Civ. P. 15(a)(2) further provides, "The court should freely give leave when justice so requires."[3] The Supreme Court has held that "this mandate is to be heeded."[4]

Leave to amend may be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5] The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[6] "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[7]

Defendants oppose Plaintiffs' Motion on the grounds that amendment would be futile.

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

[4] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

[5] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[6] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citations omitted).

[7] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (citations omitted); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'") (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Defendants, in asserting futility of amendment, have the burden of establishing futility of amendment.[8] "In determining whether amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[9] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[10] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[11]

## III. DISCUSSION

The Court has reviewed Plaintiffs' proposed First Amended Complaint and concludes that Defendants have established that several of Plaintiffs' proposed amendments would be futile. However, as explained below, the Court finds that Plaintiffs' proposed amendment of Count III is not futile and will therefore allow Plaintiffs to revise their proposed First Amended Complaint and to then file an amended motion for leave to file their First Amended Complaint.

Plaintiffs' First Amended Complaint has numerous flaws, each of which demonstrates futility of amendment. First, the First Amended Complaint still contains Count I, negligent entrustment of a vehicle, which District Judge Robinson dismissed on March 3, 2010. Plaintiffs therefore cannot

---

[8] *Rural Water*, 2008 WL 1867984, at *5 (citation omitted).

[9] *Id.* (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[11] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

include this count in their First Amended Complaint. Plaintiffs shall remove Count I for negligent entrustment of a vehicle when revising their proposed First Amended Complaint.

Second, the First Amended Complaint still identifies Blake F. Overton as a defendant. However, it is undisputed that Blake F. Overton passed away after Plaintiffs filed their lawsuit. In fact, the Court previously granted Plaintiffs' motion to substitute the Estate of Blake Overton for Blake F. Overton as defendant in this case.[12] Therefore, the First Amended Complaint should not identify Blake F. Overton as a defendant and any attempt to amend the Complaint to identify Blake F. Overton, a deceased person, as a defendant would be futile. Plaintiffs shall remove Blake F. Overton as a defendant in this case when revising their proposed First Amended Complaint.

Third, the wherefore clauses in Counts I, II, and III of Plaintiffs' First Amended Complaint all seek damages from Blake F. Overton. However, as the Court has already explained, Blake F. Overton is not the proper defendant in this case, but rather the defendant should be the Estate of Blake Overton. Again, Plaintiffs shall remove Blake Overton as a defendant in this case when revising their proposed First Amended Complaint.

Fourth, Plaintiffs attempt to seek punitive damages from Blake Overton. The parties do not dispute that Kansas law applies in this case.[13] The Estate of Blake Overton points out that if Plaintiffs are permitted to revise their First Amended Complaint to substitute the Estate of Blake Overton for Blake Overton, then the proposed amendment seeking punitive damages from the Estate of Blake Overton would be futile. The Estate of Blake Overton argues that court's in this district have held that Kansas would apply the majority rule that a claim for punitive damages does not

---

[12] Mem. & Order (doc. 77).

[13] Mem. & Order (doc. 81) at 7.

survive the death of the alleged wrongdoer.[14] The Court agrees that Kansas would follow the majority rule and not allow an award of punitive damages against the estate of the alleged wrongdoer. The Court therefore concludes that Plaintiffs attempt to seek punitive damages from the Estate of Blake Overton would be futile. Plaintiffs shall not seek punitive damages against the Estate of Blake Overton when revising their proposed First Amended Complaint.

For these reasons, Plaintiffs' Motion will be denied. However, Defendants also ask the Court to deny Plaintiffs' Motion on the grounds that Count III for negligent entrustment of a firearm, as revised by Plaintiffs, still fails to state a plausible claim. The Court disagrees. In ruling on Judy Overton's motion to dismiss Counts I and III of Plaintiffs' Complaint, District Judge Robinson stated, "[a] duty exists not to give control of a dangerous instrumentality to a person who is incapable of handling or using it carefully."[15] District Judge Robinson explained that in order to prevail on a claim of negligent entrustment, Christopher Sloan's injury must have been caused by the negligent use of the instrumentality that was entrusted to Blake Overton's care, namely, the firearm. District Judge Robinson reviewed Plaintiffs' Complaint and concluded that Plaintiffs' Complaint does not explain how Christopher Sloan received gunshot wounds. District Judge Robinson further explained that Plaintiffs are required to plead sufficient facts to make a claim plausible, and found that Plaintiffs had failed to do so. However, District Judge Robinson gave Plaintiffs leave to file a motion to amend their Complaint to include additional facts supporting a claim for negligent entrustment of a firearm.

---

[14] *See Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516, 1521 (D. Kan. 1991).

[15] Mem. & Order (doc. 81) at 12 (quoting *Estate of Pemberton v. John's Sports Center, Inc.*, 135 P.3d 174, 187 (Kan. Ct. App. 2006)).

The Court has reviewed Plaintiffs' revised Count III for negligent entrustment of a firearm and concludes that Plaintiffs have now alleged facts that give rise to a plausible claim. Plaintiffs essentially allege that Blake Overton had the handgun in the console or glove box[16] of the vehicle he was driving, that he attempted to buy crack cocaine from Katreal Harris, that he began arguing with Katreal Harris over money, that he caused the drug deal to go bad, that he then attempted to use his right to self defense by reaching for the handgun, and that he *needlessly heightened the danger and provoked Katreal Harris who subsequently shot Christopher Sloan*. The Court concludes that these alleged facts are sufficient to give rise to a plausible claim because, if true, they explain how Christopher Sloan's injuries were caused by the negligent use of the handgun that Judy Overton allegedly entrusted to Blake Overton. The Court therefore will not deny the Motion on the grounds that Count III fails to state a plausible claim. Plaintiffs may therefore keep Count III, negligent entrustment of a firearm, when revising their proposed First Amended Complaint.

## IV. CONCLUSION

Plaintiffs' Motion is denied. However, the Court gives Plaintiffs leave to file an amended motion for leave to file a revised proposed First Amended Complaint. Plaintiffs are instructed to revise their proposed First Amended Complaint to comply with this Order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint and Suggestions in Support (doc. 87) is denied. However, Plaintiffs are granted leave to file an amended motion for leave to file a revised proposed First Amended Complaint **within 10 days** of the date of the filing of this Order. Plaintiffs are instructed to revise their proposed First

---

[16] Plaintiffs' First Amended Complaint is inconsistent about where the gun was located. However, for the purposes of this Order, the location of the gun is not important.

Amended Complaint to comply with this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 10th day of August 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties