# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID SLOAN, Plaintiff ad Litem ) | |
| for the Estate of Christopher Sloan, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No: 08-2571-JAR-DJW |
| JUDY OVERTON, et al., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Quash Subpoena (doc. 139) and Motion to Quash Subpoena (doc. 140) filed by movants Jerome A. Gorman and Sheryl Lidtke (collectively, "Movants"). Movants, through their Motions, ask the Court to quash Plaintiff's Subpoena to Testify at a Deposition in a Civil Action (see doc. 139), and to quash Defendant Judy Overton's Subpoena to Testify at a Deposition in a Civil Action (see doc. 140). On September 14, 2010, the Court held a hearing on these Motions.

The subpoenas at issue seek the deposition testimony of Movant Sheryl Lidtke, the Deputy District Attorney in and for the Twenty-Ninth Judicial District of Kansas. Movant Jerome A. Gorman is the District Attorney in and for the Twenty-Ninth Judicial District of Kansas. Federal Rule of Civil Procedure 45(c)(3)(A) sets out the circumstances under which the Court may quash or modify a subpoena. Rule 45(c)(3)(A) provides in pertinent part: "On timely motion, the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[1] Movants ask the Court to quash both Plaintiff's and Defendant Judy Overton's subpoenas on the

---

[1] Fed. R. Civ. P. 45(c)(3)(A).

grounds of undue burden, privilege and impossibility. Movants, in seeking to quash the subpoenas, have the burden to demonstrate good cause and the privilege to be protected.[2]

Movants argue that it would be unduly burdensome for Movant Sheryl Lidtke to testify on the date and time selected by Plaintiff and Defendant Judy Overton because she is scheduled to be in trial. Movants also argue that Plaintiff and Defendant Judy Overton seek testimony from Movant Sheryl Lidtke, through the subpoenas, which is privileged. Movants argue that, as a prosecutor, Ms. Lidtke's strategy and work product is privileged. Movants further argue that the documents sought through Plaintiff's subpoena, namely the exhibits used during the criminal trial of Katreal Harris, are no longer in Movants' possession or control and therefore cannot be produced by Movant Sheryl Lidtke in response to Plaintiff's subpoena.

In response, Plaintiff and Defendant Judy Overton state that they are willing to work with Movant Sheryl Lidtke to select a date and time that works for her schedule. They further agree that they are not seeking the original exhibits, but rather seek copies of those exhibits which may be in Movant Sheryl Lidtke's possession and control.

Upon consideration of the relevant briefs and arguments made during the hearing, the Court hereby grants in part and denies in part both Motions. The Court finds that Movants have not shown good cause to quash the subpoenas in their entirety. However, the Court will require Plaintiff and Defendant Judy Overton to work with Movant Sheryl Lidtke in order to schedule her deposition at a date and time that does not interfere with her trial schedule. In addition, any concerns about privilege can be addressed on a question by question basis during the deposition. If a question calls for information that Movant Sheryl Lidtke believes to be privileged, then she may assert the

---

[2] *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan.1996).

appropriate objection at that time. Finally, Movants have agreed to check their files to determine whether they have copies of the exhibits required by Plaintiff and will provide those to Plaintiff. If Movants do not have copies of the requested exhibits, they will advise Plaintiff as to where those copies might be found.

**IT IS THEREFORE ORDERED** that Movants' Motion to Quash Subpoena (doc. 139) and Motion to Quash Subpoena (doc. 140) are granted in part and denied in part.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 17th day of September 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties