IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID SLOAN, Plaintiff ad Litem ) | | |
| for the Estate of Christopher Sloan, et al., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | CIVIL ACTION | |
| v. ) | | |
| ) | Case No: 08-2571-JAR-DJW | |
| JUDY OVERTON, et al., ) | | |
| Defendants. ) | | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Third Motion for Leave to File First Amended Complaint and Suggestions in Support (ECF No. 149). This is Plaintiffs' third attempt to obtain leave to file their First Amended Complaint. Although Plaintiffs have made some changes to their proposed First Amended Complaint, the contents of Plaintiffs' Motion have not changed. With each attempt to obtain leave to amend their Complaint, Plaintiffs simply quote the general rules concerning amendment of a pleading and state in a conclusory manner that none of the factors upon which a court can refuse to grant leave to amend exist in this case. As explained below, Plaintiffs are incorrect in this conclusion. For the reasons set forth below, the Motion is denied, but Plaintiffs will be given leave to file an amended motion for leave to file a revised First Amended Complaint.

I.   BACKGROUND

On November 13, 2008, Plaintiffs filed this action against Blake Overton and Judy Overton, alleging three claims: (1) Judy Overton negligently entrusted a vehicle to Blake Overton, (2) Blake Overton negligently rendered services to Christopher Sloan, and (3) Judy Overton negligently entrusted a firearm to Blake Overton. Judy Overton moved to dismiss Count I, negligent entrustment of a vehicle, and Count III, negligent entrustment of a firearm. On March 3, 2010, District Judge Robinson granted Judy Overton's motion to dismiss Count I, but granted Plaintiffs'

request to file a motion for leave to amend the Complaint as to Count III.[1]

Plaintiffs therefore filed their motion seeking leave to file their proposed First Amended Complaint (ECF No. 87) on March 22, 2010, attaching a copy of their proposed First Amended Complaint. The Court denied Plaintiffs' motion on the grounds that several of Plaintiffs' proposed amendments would be futile.[2] The Court did, however, grant Plaintiffs leave to revise their proposed First Amended Complaint and to file an amended motion seeking leave to file their revised proposed First Amended Complaint.

In so ruling, the Court noted that Plaintiffs' proposed First Amended Complaint contained numerous flaws, each of which demonstrated futility of amendment. First, the proposed First Amended Complaint still contained a count for negligent entrustment of a vehicle, which District Judge Robinson dismissed on March 3, 2010. The Court ruled that Plaintiffs could not include this count in their proposed First Amended Complaint, and instructed Plaintiffs to remove the count for negligent entrustment of a vehicle when revising their proposed First Amended Complaint.

The Court also instructed Plaintiffs to remove Blake F. Overton as a defendant and to substitute the Estate of Blake Overton as a defendant in this case. In addition, having concluded that Kansas would follow the majority rule and not allow an award of punitive damages against the estate of the alleged wrongdoer, the Court instructed Plaintiffs not to seek punitive damages against the Estate of Blake Overton when revising their Proposed First Amended Complaint.

Finally, the Court concluded that Plaintiffs' revised count for negligent entrustment of a firearm alleged facts that give rise to a plausible claim. The Court therefore advised Plaintiffs that in revising their proposed First Amended Complaint, they could keep their count for negligent

---

[1] Mem. & Order (ECF No. 81).

[2] Mem. & Order (ECF No. 131).

entrustment of a firearm.

On August 12, 2010, Plaintiffs filed their Second Motion for Leave to File First Amended Complaint and Suggestions in Support (ECF No. 133). On August 23, 2010, the Court held a hearing on several of the pending motions in this case, including Plaintiffs' second motion seeking leave to amend their Complaint. Plaintiffs' motion was discussed during the hearing and it was decided that Plaintiffs would revise their proposed First Amended Complaint a third time and file another motion seeking leave to file the revised First Amended Complaint. The Court therefore denied Plaintiffs' second motion without prejudice to filing a third motion.[3]

Plaintiffs then filed their third Motion, which is currently pending before the Court. Defendants Judy Overton and the Estate of Blake Overton oppose the Motion on the grounds that allowing the amendment would be futile and that the amendment exceeds the leave granted by the Court.

## II. STANDARD

Fed. R. Civ. P. 15(a)(2) provides that, after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] Fed. R. Civ. P. 15(a)(2) further provides, "The court should freely give leave when justice so requires."[5] The Supreme Court has held that "this mandate is to be heeded."[6]

Leave to amend may be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

---

[3] Minute Entry (ECF No. 137).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*

[6] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted).

3

allowed, or futility of amendment."[7] The decision whether or not to allow a proposed amendment rests within the sound discretion of the court.[8] "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[9]

Defendants oppose Plaintiffs' Motion on the grounds that amendment would be futile. Defendants, in asserting futility of amendment, have the burden of establishing futility of amendment.[10] "In determining whether amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[11] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[12] "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

---

[7] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[8] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citations omitted).

[9] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (citations omitted); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'") (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[10] *Rural Water*, 2008 WL 1867984, at *5 (citation omitted).

[11] *Id.* (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

4

speculatively) has a claim for relief."[13]

## III. DISCUSSION

The Court has reviewed Plaintiffs' proposed First Amended Complaint and concludes that Defendants have established futility of amendment with respect to Count II, negligent entrustment of a firearm, and Count III, negligent use of the right of self defense. However, as explained below, because Plaintiffs have previously shown that their count for negligent entrustment of a firearm is not futile, the Court will allow Plaintiffs to revise their proposed First Amended Complaint to include the count for negligent entrustment of a firearm.

### 1. *Count I - Restatement (Second) of Torts § 323 Against Defendant Estate of Blake Overton*

The Court notes that Plaintiffs' count under the Restatement (Second) of Torts § 323 against Defendant Estate of Blake Overton was contained in their original Complaint and none of the parties appear to oppose inclusion of this count in Plaintiffs' proposed First Amended Complaint. The Court therefore concludes that this count may remain in Plaintiffs' proposed First Amended Complaint.

### 2. *Count II - Negligent Entrustment of a Firearm against Defendant Judy Overton*

On March 3, 2010, District Judge Robinson granted Plaintiffs' request to file a motion to amend the complaint with respect to their count for negligent entrustment of a firearm. In so ruling, District Judge Robinson explained that in order to prevail on a claim of negligent entrustment, Christopher Sloan's injury must have been *caused* by the negligent use of the instrumentality that was entrusted to Blake Overton's care, namely, the firearm. District Judge Robinson reviewed

---

[13] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

5

Plaintiffs' Complaint and concluded that Plaintiffs' Complaint failed to explain how Christopher Sloan received his gunshot wounds. District Judge Robinson explained that Plaintiffs are required to plead sufficient facts to make a claim plausible, and found that Plaintiffs had failed to do so. However, District Judge Robinson gave Plaintiffs leave to file a motion to amend their Complaint to include additional facts supporting a claim for negligent entrustment of a firearm.

Upon review of Plaintiffs' proposed First Amended Complaint, attached as an exhibit to their motion seeking leave to amend their Complaint (ECF No. 87), this Court concluded that Plaintiffs alleged facts which give rise to a plausible claim. The Court found that Plaintiffs essentially alleged that Blake Overton had the handgun in the console or glove box[14] of the vehicle he was driving, that he attempted to buy crack cocaine from Katreal Harris, that he began arguing with Katreal Harris over money, that he caused the drug deal to go bad, that he then attempted to use his right to self defense by reaching for the handgun, and that he *needlessly heightened the danger and provoked Katreal Harris who subsequently shot Christopher Sloan*. The Court held that these alleged facts were sufficient to give rise to a plausible claim because, if true, they explain how Christopher Sloan's injuries were caused by the negligent use of the handgun that Judy Overton allegedly entrusted to Blake Overton. Although the Court found several problems with Plaintiffs' proposed First Amended Complaint attached to their motion (ECF No. 87) and required Plaintiffs to make several revisions to their proposed First Amended Complaint, the Court allowed Plaintiffs to keep their count for negligent entrustment of a firearm (see ECF No. 131).

For some reason, in filing their third Motion (ECF No. 149), Plaintiffs have revised their count for negligent entrustment of a firearm and *removed* from that count those paragraphs which

---

[14] Plaintiffs' First Amended Complaint is inconsistent about where the gun was located. However, for the purposes of this Order, the location of the gun is not important.

6

the Court found stated a plausible claim because, if true, they explained how Christopher Sloan's injuries were caused by the negligent use of a handgun that Judy Overton allegedly entrusted to Blake Overton. Without these paragraphs, Plaintiffs again fail to explain how Christopher Sloan received his gunshot wounds and have not stated a plausible claim for negligent entrustment of a firearm.

Because Plaintiffs have previously articulated a plausible claim for negligent entrustment of a firearm, the Court will allow Plaintiffs to revise their First Amended Complaint to include those paragraphs which the Court highlighted in its Memorandum and Order (ECF No. 131) when the Court concluded that Plaintiffs had established a plausible claim for negligent entrustment of a firearm.

### 3. *Count III - Negligent Use of the Right to Self Defense against Defendant Estate of Blake Overton*

Finally, for the first time ever, Plaintiffs seek to add a new claim against Defendant Estate of Blake Overton – a claim for negligent use of the right to self defense. However, Plaintiffs were never given leave of this Court to add this new claim. Rather, District Judge Robinson only granted Plaintiffs' motion for leave to amend the complaint *in relation to their claim for negligent entrustment of a firearm*. Plaintiffs make no attempt to explain why they should now be allowed to include this new claim at this stage in the litigation. Because Plaintiffs' attempt to include this new claim exceeds the Court's earlier orders concerning leave to amend, the Court denies Plaintiffs' request to now include a new claim for the negligent use of the right to self defense. In revising their proposed First Amended Complaint, Plaintiffs shall remove this claim.

## IV. CONCLUSION

In sum, Plaintiffs' third Motion is denied. However, the Court gives Plaintiffs leave to file an amended motion for leave to file a revised proposed First Amended Complaint. Plaintiffs are

instructed to revise their proposed First Amended Complaint as follows: Count I, Restatement (Second) of Torts § 323 shall remain unchanged, Count II, Negligent Entrustment of a Firearm shall be revised to include those paragraphs which the Court previously held explained how Christopher Sloan received his gunshot wounds, and Count III, Negligent Use of the Right to Self Defense shall be removed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Third Motion for Leave to File First Amended Complaint and Suggestions in Support (ECF No. 149) is denied. However, Plaintiffs are granted leave to file an amended motion for leave to file a revised proposed First Amended Complaint **within 10 days** of the date of the filing of this Order. Plaintiffs are instructed to revise their proposed First Amended Complaint to comply with this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 20th day of October 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties