ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID SLOAN, et al., )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>JUDY OVERTON, et al., )<br>)<br>  Defendants. )<br>_____) | Case No. 08-2571-JAR-DJW |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Judy Overton and the Estate of Blake Overton's Motion to Strike and First Motion in Limine (Doc. 129). Plaintiffs have not filed a response and the time to do so has expired.[1] As explained more fully below, defendants' motion to strike and motion in limine are granted due to plaintiffs' failure to respond.[2] The Court also grants defendants' motions because plaintiffs' expert disclosure for Noemi Balinth, Ph.D. is untimely and incomplete.

The Scheduling Order required plaintiffs to serve their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2), including reports from retained experts, by November 30, 2009. The Court extended plaintiff's deadline for expert disclosures and plaintiffs filed their expert disclosures on January 20, 2010 (Doc. 75), designating L. Kenneth Hubbell, Ph.D. and Altaf Hossain, M.D. (and any expert designated by defendants) only.

The Scheduling Order required defendants to serve their expert disclosures pursuant to

---

[1] *See* D. Kan. R. 6.1(d).

[2] *See* D. Kan. R. 7.4 (failure to respond to a motion, within the allotted time, results in an uncontested motion, "and ordinarily will be granted without further notice.").

Fed. R. Civ. P. 26(a)(2), including reports from retained experts, by January 15, 2010. The Court extended the expert disclosure deadlines for defendants to February 5, 2010. When defendants served their disclosure of expert witnesses, plaintiffs had not designated any psychological expert, and in particular, had not designated Noemi Balinth, Ph.D.

On or about July 30, 2010, the defendants received "Plaintiff David Sloan's Second Supplemental Disclosures Pursuant to Rule 26(a)(1)."[3] The disclosure does not provide the substance of or grounds for any opinions, nor any report from Noemi Balinth, Ph.D.

Rule 26(a)(2) governs disclosure of expert testimony. Whether or not the expert is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony,"[4] which would require a written report, these disclosures must be made "at the times and in the sequence that the court orders."[5]

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Whether a violation of Rule 26(a) is "substantially justified" or "harmless" is left to the broad discretion of the Court.[6] The following factors guide this discretion: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the

---

[3](Doc. 130, Ex. A.)

[4]Fed. R. Civ. P. 26(a)(2)(B).

[5]Fed. R. Civ. P. 26(a)(2)(C).

[6]*See, e.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"[7] Plaintiffs served the expert disclosure for Dr. Balinth more than seven months after the deadline for doing so set in the Scheduling Order passed, and plaintiffs have come forward with no information that would allow the Court to find that such a substantial delay is excusable and not prejudicial. To the extent this expert is indeed a witness who must provide a report under Fed. R. Civ. P. 26(a)(2)(B), the failure to do so is highly prejudicial. The dispositive motions deadline is approaching, and to allow this late expert disclosure would unduly prolong discovery and potentially disrupt the currently scheduled trial on July 25, 2011. For these additional reasons, the Court grants defendants' motion to strike and motion in limine.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants Judy Overton and the Estate of Blake Overton's Motion to Strike and First Motion in Limine (Doc. 129) is **granted.**

**IT IS SO ORDERED.**

Dated: October 27, 2010

                                               S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[7] *Id.* (quoting *Woodworker's Supply, Inc.*, 170 F.3d at 993).