ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID SLOAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 08-2571-JAR |
| | ) |
| JUDY OVERTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' Objection (Doc. 164) to Magistrate Judge Waxse's October 20, 2010 Order (Doc. 157) denying in part plaintiffs' Third Motion for Leave to File First Amended Complaint. Defendants have not responded to the motion and the time to do so has expired. For the reasons explained below, plaintiffs' Objection is denied.

Fed. R. Civ. P. 72(a) allows a party to serve and file objections to a pretrial order referred to a magistrate judge that is not dispositive of a party's claim or defense. The rule states that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[1] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."'"[2]

---

[1] Fed. R. Civ. P. 72(a).

[2] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*,

Plaintiffs object that Judge Waxse erroneously denied them leave to add a claim for negligent use of the right to self defense. In a March 3, 2010 Order, this Court denied defendant Judy Overton's motion to dismiss plaintiffs' claim for negligent entrustment of a vehicle, allowing plaintiffs to seek leave to amend their complaint to allege sufficient facts in support of that claim. In accordance with this Order, plaintiffs filed their first motion for leave to amend, which Judge Waxse denied on the basis that several of plaintiffs' proposed amendments would be futile. Judge Waxse instructed plaintiffs to revise their First Amended Complaint in accordance with that Order.[3] Plaintiffs proceeded to file a Second Motion for Leave to File First Amended Complaint. At a hearing on this and other pending motions, plaintiffs were instructed to revise the First Amended Complaint yet again. In his Order denying in part plaintiff's third motion for leave to amend, Judge Waxse agreed with defendants that plaintiffs' proposed amendment to add a claim for negligent use of the right to self defense exceeded the scope of leave permitted by this Court in its March 3, 2010 Order and denied plaintiffs' request to add this claim against the Estate of Blake Overton.

Plaintiffs state in their Objection that Judge Waxse's ruling was in error because the underlying facts associated with their proposed new claim for negligent use of the right to self defense have been known to the parties for some time. Plaintiffs further contend that Judge Waxse misinterpreted this Court's March 3, 2010 Order, which they argue contemplated a negligence claim directly against the Estate of Blake Overton, and that their negligent use of the right to self defense ins part and parcel of the negligent entrustment of a firearm count.

---

333 U.S. 364, 395 (1948))).

[3](Doc. 131.)

The Court cannot find that Judge Waxse's decision denying plaintiffs' request to add a claim for negligent use of the right to self defense was clearly erroneous. Instead, the Court finds plaintiffs' interpretation of this Court's March 3, 2010 Order to be strained. This Court clearly and unambiguously granted plaintiffs leave to amend to add factual allegations that support a claim for negligent entrustment of a firearm, a claim that is distinct from negligent use of the right to self defense. This Court did not mention the claim of negligent use of the right to self defense in its March 3, 2010 Order. Furthermore, it was not clear error for Judge Waxse to conclude that this proposed amendment should be denied given the late stage of these proceedings. For all of these reasons, plaintiffs' Objection must be overruled and denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Objection (Doc. 164) to Magistrate Judge Waxse's October 20, 2010 Order (Doc. 157) denying in part plaintiffs' Third Motion for Leave to File First Amended Complaint is OVERRULED and DENIED.

**IT IS SO ORDERED.**

Dated: November 23, 2010

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE