# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID SLOAN, Plaintiff ad Litem** ) | |
| **for the Estate of Christopher Sloan, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No: 08-2571-JAR-DJW** |
| **JUDY OVERTON, et al.,** ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions: (1) Defendant Estate of Blake Overton's Motion to Strike Plaintiffs' Third and Fourth Supplemental Rule 26 Disclosures (ECF No. 167), (2) Defendant Judy Overton's Motion to Strike Plaintiffs' Third and Fourth Supplemental Rule 26 Mandatory Disclosures (ECF No. 169), (3) Plaintiff's Motion to Reopen Discovery and Memorandum in Support (ECF No. 174), and (4) Motion of the Estate of Blake Overton for an Order of Production to the Kansas City, Kansas Police Department and the District Attorney of Wyandotte County/Unified Government (ECF No. 181). For the reasons set forth below, each of these motions is denied.

## I.     BACKGROUND

The underlying facts in this case are well known to the Court and the parties and need not be repeated here. The Court will only discuss the information relevant to the pending motions.

All discovery in this case was to have been completed by August 31, 2010.[1] In addition, a supplementation of disclosures under Fed. R. Civ. P. 26(e) was to be served 40 days before the

---

[1] Order (ECF No. 115).

deadline for completion of all discovery.[2] On November 3, 2010, Plaintiffs filed their Third Supplemental Rule 26 Disclosures (ECF No. 165), and on November 4, 2010, Plaintiffs filed their Fourth Supplemental Rule 26 Disclosures (ECF No. 166). These two disclosures identify nine new witnesses.

Plaintiffs' Third Supplemental Rule 26 Disclosures identifies Ms. Anita Randle-Stanley, the alleged mother of Katreal Harris, as someone who may have discoverable information. Plaintiffs' Third Supplemental Rule 26 Disclosures also identifies seven other individuals who may have discoverable information concerning (a) the presence of a gun, (b) intimidation by the police, or (c) a crack cocaine pipe in Blake Overton's possession. Plaintiffs' Fourth Supplemental Rule 26 Disclosures identifies Defendant Judy Overton and Ms. Randle-Stanley as individuals who may have discoverable information concerning the circumstances surrounding the death of Blake Overton. Plaintiffs' Fourth Supplemental Rule 26 Disclosures also identifies Trey Pettlon as an individual who may have discoverable information concerning telephone messages or conversations with Defendant Judy Overton concerning the shooting of Christopher Sloan.

On December 6, 2010, Plaintiffs took a deposition of Sheryl Lidtke, the Deputy Assistant District Attorney of Wyandotte County/Unified Government. During the deposition, Ms. Lidtke testified that Stephanie Welte, a.k.a. Stephanie Sloan, gave a recorded statement to the Kansas City, Kansas Police Department. This statement was unknown to Defendants prior to Ms. Lidtke's deposition.

Defendants Judy Overton and the Estate of Blake Overton now move the Court to strike Plaintiff's Third and Fourth Supplemental Rule 26 Disclosures. In addition, Plaintiff asks the Court

---

[2] Scheduling Order (ECF No. 29).

to reopen discovery for the limited purpose of allowing Plaintiffs to depose up to five witnesses regarding the issues raised in their Third and Fourth Supplemental Rule 26 Disclosures. Finally, Defendant Estate of Blake Overton asks this Court to enter an order requiring the District Attorney of Wyandotte County/Unified Government and the Kansas City, Kansas Police Department to produce certain information. The Court will address each of these motions in turn.

## II. DEFENDANTS' MOTIONS TO STRIKE

Under Fed. R. Civ. P. 26(e),

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ..[3]

Plaintiffs, following Rule 26(e), supplemented their Rule 26 disclosures and served their Third and Fourth Supplemental Rule 26 Disclosures on November 3 and 4, 2010. Defendants both move the Court to strike Plaintiffs' Third and Fourth Supplemental Rule 26 Disclosures.

In support of their request, Defendants argue that they will be prejudiced if Plaintiffs are permitted to identify new witnesses and new evidence for the first time more than two months after the close of discovery. According to Defendants, if Plaintiffs are allowed to name these additional witnesses, they would be required to conduct several additional depositions, which would render the current dispositive motion deadline of January 10, 2011 and the trial setting of July 25, 2011 untenable. Defendants also argue that the witnesses identified by Plaintiff do not have any first-hand, non-hearsay, relevant information to offer.

In support of their argument, Defendants rely on Fed. R. Civ. P. 37(c)(1), which provides in

---

[3] Fed. R. Civ. P. 26(e)(1).

relevant part,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[4]

Defendants argue that Plaintiffs' failure to "timely supplement their Rule 26 disclosures was neither justified nor harmless and thus the Court should strike Plaintiffs' Third and Fourth Supplemental Disclosures and bar Plaintiffs from relying on affidavits from witnesses identified in said disclosures."[5]

The Court finds that Defendants' reliance on Rule 37(c)(1) is misplaced. Under Rule 37(c)(1), the Court may prohibit a party from using information or a witness at trial when the party fails to provide that information or witness as required by Rule 26(a) or (e). The rule does not, however, provide a mechanism for the Court to strike Plaintiffs' supplemental Rule 26 disclosures. If Defendants seek to prohibit Plaintiffs from relying on this information and these witnesses at trial, then it appears to the Court that the relief sought by Defendants would be more appropriately dealt with through motions *in limine*. With respect to Defendants' claims of prejudice, the Court notes that Defendants may request additional discovery regarding the issues raised by the supplemental disclosures and additional time to file dispositive motions. The Court therefore denies both motions to strike.

### III. MOTION TO REOPEN DISCOVERY

Plaintiffs' move the Court to reopen discovery for the limited purpose of allowing Plaintiffs

---

[4] Fed. R. Civ. P. 37(c)(1).

[5] Def. Judy Overton's Mem. in Supp. of her Mot. to Strike Pls.' Third and Fourth Supplemental Rule 26 Mandatory Disclosures (ECF No. 170) at 4.

to depose up to five witnesses for no more than three hours each regarding issues raised in Plaintiffs' Third and Fourth Supplemental Rule 26 Disclosures. The decision to extend or reopen discovery rests within the sound discretion of the trial court.[6] The Tenth Circuit has identified six factors to consider when determining whether discovery should be reopened: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.[7]

Applying these factors, the Court concludes that Plaintiffs' motion to reopen discovery should be denied. The Court notes that trial is not imminent, as it is currently scheduled for July 25, 2011. However, the Court finds that the remaining factors all weigh in favor of denying Plaintiffs' motion. As for the second factor, the request to reopen discovery is opposed by Defendants.

With respect to the third factor, it appears that, at this juncture, Defendants would be prejudiced by reopening discovery for the limited purpose of allowing Plaintiffs to conduct additional depositions. The dispositive motion deadline is currently set for January 10, 2011. Obviously, this deadline could not be met if discovery were reopened at this time. In addition, discovery closed August 31, 2010, and Plaintiffs did not seek leave to conduct these additional depositions until two months after the close of discovery. Also, Plaintiffs do not identify which five witnesses they seek to depose. Although Plaintiffs argue that Defendants affirmative took steps to

---

[6] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[7] *Id.*

hide relevant information and witnesses and thus will not be prejudiced, Plaintiffs fail to provide any support for these conclusory allegations.

The fourth factor also weighs in favor of denying the Motion. Plaintiffs fail to support their claim that they were diligent in their efforts to obtain discovery within the discovery deadline. Instead, Plaintiffs make conclusory allegations that Defendants purposefully mislead Plaintiffs, and instructed witnesses not to cooperate with Plaintiffs' counsel. For example, Plaintiffs claim that Defendant Judy Overton "made several misstatements of fact in her deposition, including but not limited to, stating that her son Blake Overton died at his home of unknown causes."[8] Plaintiffs argue that this representation was "patently false" because Blake Overton died after being shot in a drug deal gone bad in a drug house located in Kansas City, Kansas. However, Plaintiffs only support for this claim is Plaintiffs' own statement that Ms. Randle-Stanley "has information that Blake Overton died on 32nd Street in Kansas City, Kansas and not at the residence that Judy Overton testified to."[9] The Court is not persuaded by Plaintiffs' unsupported, conclusory claims concerning Defendants' supposed efforts to thwart the discovery process.

The fifth factor also weighs in favor of denying the Motion. Plaintiffs argue that the forseeability that additional discovery would be necessary prior to the expiration of the discovery deadline was present. However, Plaintiffs claim that they were unable to perform discovery until they hired a private investigator to approach some of these witnesses and plead with them to cooperate with Plaintiffs and Plaintiffs' counsel. However, Plaintiffs fail to explain why they

---

[8] Pls.' Mot. to Reopen Disc. and Mem. in Supp. (ECF No. 174) at 4.

[9] Pl. David Sloan's Fourth Supplemental Disclosures Pursuant to Rule 26(a)(1) (ECF No. 166) at 1-2.

delayed in hiring an investigator if they were indeed having problems interviewing witnesses. Plaintiffs also fail to explain why, if they were having problems with witnesses, they did not seek to further extend the August 31, 2010 discovery deadline before the deadline expired.

Finally, even if Plaintiffs are correct and the fifth factor weighs in favor of reopening discovery, the Court concludes that the sixth factor, the likelihood that the discovery will lead to relevant evidence, weighs heavily in favor of denying the Motion. Plaintiffs seek to reopen discovery to discover the circumstances of Blake Overton's death. Plaintiffs argue that Blake Overton did not die at home, as claimed by Defendant Judy Overton, but in fact he died after being shot during a drug deal gone bad. However, Plaintiffs acknowledge that Blake Overton died January 24, 2009. The Court is hard pressed to see how the circumstances of Blake Overton's death almost two years after the death of Christopher Sloan is at all relevant to whether the purpose of the trip on April 17, 2007 was to purchase drugs for Christopher Sloan or Blake Overton.

Having considered the relevant factors, the Court is not persuaded that discovery should be reopened for the limited purpose of allowing Plaintiffs to conduct additional depositions. The Court therefore denies Plaintiffs' Motion.

## IV. MOTION FOR ORDER OF PRODUCTION

Finally, Defendant Estate of Blake Overton moves the Court to enter an order directing the Kansas City, Kansas Police Department and the District Attorney of Wyandotte County/Unified Government to produce certain materials. However, the Kansas City, Kansas Police Department and the District Attorney of Wyandotte County/Unified Government are not parties to this action, and Defendant Estate of Blake Overton fails to identify any subpoena directed to the Kansas City, Kansas Police Department or the District Attorney of Wyandotte County/Unified Government to

produce the relevant materials. Thus, the Court does not have jurisdiction to order these non-parties to produce any information or materials. The Court therefore denies the Motion.

## V.    CONCLUSION

For the foregoing reasons, the Court hereby denies (1) Defendant Estate of Blake Overton's Motion to Strike Plaintiffs' Third and Fourth Supplemental Rule 26 Disclosures (ECF No. 167), (2) Defendant Judy Overton's Motion to Strike Plaintiffs' Third and Fourth Supplemental Rule 26 Mandatory Disclosures (ECF No. 169), (3) Plaintiff's Motion to Reopen Discovery and Memorandum in Support (ECF No. 174), and (4) Motion of the Estate of Blake Overton for an Order of Production to the Kansas City, Kansas Police Department and the District Attorney of Wyandotte County/Unified Government (ECF No. 181).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of December 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties