kk/ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID SLOAN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) |
| | ) Case No. 08-cv-02571-JAR |
| v. | ) |
| | ) |
| **ESTATE OF BLAKE OVERTON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

On May 20, 2011, the Court entered Summary Judgment in this matter in favor of defendants Judy Overton and the Estate of Blake Overton ("the Estate"). On June 23, 2011, the Estate filed a bill of costs, which was incorrectly titled "Motion of the Estate of Blake Overton for Judgment of Costs."[1] Defendant Judy Overton also filed a bill of costs on June 23, 2011.[2] On July 7, 2011, plaintiffs objected to, and moved to strike, each defendant's bill of costs.[3] Plaintiffs argue that the Estate's bill of costs fails to comply with Local Rule 54.1 in four ways: (1) the document was incorrectly titled; (2) it did not include a memorandum identifying costs; (3) it did not list the statutory and factual basis for reimbursement of costs under 28 U.S.C. § 1920; and (4) the Estate made no effort to confer with plaintiffs or plaintiffs' counsel to resolve disputes regarding costs. Because of these alleged deficiencies, plaintiffs argue that the Estate

---

[1] Doc. 212.

[2] Doc. 213.

[3] Docs. 215, 216.

failed to timely file a bill of costs and therefore has waived taxable costs under Local Rule 54.1(a)(3). Plaintiffs' arguments regarding Judy Overton's bill of costs are substantive objections to the costs themselves.

The Estate's bill of costs fails to comply with Local Rule 54.1. The Rule, which governs taxation and payment of costs, was amended on March 17, 2011.[4] Within 30 days after the expiration of time allowed for appeal of a final judgment, a party seeking to recover costs must file a bill of costs "on a form provided by the clerk."[5] The party must also file a "memorandum in support of its costs with the bill of costs," which must:

> (A) clearly and concisely itemize and describe the costs . . . ;
> (B) set forth the statutory and factual basis for the reimbursement of those costs under 28 U.S.C. § 1920;
> (C) reference and include copies of relevant invoices, receipts, and disbursement instruments in support of the requested costs; and
> (D) state that the party has made a reasonable effort, in a conference with the opposing counsel or pro se party, to resolve disputes regarding costs.[6]

"The failure of a prevailing party to timely file a bill of costs constitutes a waiver of taxable costs."[7] The requirements that defendants use the form provided by the clerk and file a memorandum that includes the items set forth in subsection (a)(2) are mandatory. Because the Estate failed to comply with these requirements, the Court will strike the bill of costs and allow the Estate an additional period of time to comply with the rule.

Plaintiffs suggest that the Estate's failure to comply with Rule 54.1 is "fatally defective,"

---

[4]D. Kan. R. 54.1.

[5]D. Kan. R. 54.1(a)(1).

[6]D. Kan. R. 54.1(a)(2)(A)–(D).

[7]D. Kan. R. 54.1(a)(3).

because it renders the bill of costs untimely. But the Rule requires the bill of costs to be filed within 30 days of the expiration of time allowed for appeal of final judgment. The judgment was entered on May 20, 2011. The Estate filed its bill of costs well within the time provided by the local rule and the Court is providing the Estate an additional period of time to comply with the local rule.

Plaintiffs' arguments regarding Judy Overton's bill of costs are substantive objections to the costs themselves. Accordingly, they are not appropriately considered as a motion to strike. Instead, the Clerk will consider these objections in taxing costs claimed in the bill. Rule 54.2(c) provides a procedure for judicial review of the clerk's actions by motion.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Objections to and Motion to Strike Bill of Costs of the Estate of Blake Overton, (Doc. 215) is granted, and plaintiffs' Objections to and Motion to Strike Bill of Costs of Separate Defendant Judy Overton (Doc. 216) is denied.[8] **The Estate shall re-file its bill of costs in compliance with Rule 54.1 no later than July 22, 2011**.

**IT IS SO ORDERED.**

Dated: July 14, 2011

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiffs' arguments regarding Judy Overton's bill of costs are substantive objections; therefore, the Clerk will separately address plaintiffs' substantive objections when it reviews her bill of costs.